877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Restoney ROBINSON, Petitioner.
 No. 88-8037.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 27, 1989.
Decided June 9, 1989.
 
 Restoney Robinson, petitioner pro se.
 Before PHILLIPS, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Restoney Robinson has filed a petition for writ of mandamus "commanding [United States District Judge Woodrow Jones and North Carolina Special Deputy Attorney General Safron] to honor Black's Law [Dictionary] and contents therein." Robinson's petition stems from the course of litigation, and ultimate dismissal of his complaint, in Robinson v. Mackey, Civil No. ST-C-88-60 (W.D.N.C. September 22, 1988).[1] He contends that the named parties have: followed improper procedure, disregarded the law stated in Black's Law Dictionary, failed to apply justice, exhibited racial prejudice against him, and dismissed his case solely because of his litigious history.
 
 
 2
 It is well established that mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). We consider the contentions made by Robinson in this Court to be more properly raised on direct appeal and thus an inappropriate subject for mandamus. We recognize that our holding has harsh consequences for Robinson because the period for a timely notice of appeal has expired. Nonetheless, our holding is justified--Robinson was explicitly notified, through a letter from this Court, of both the narrow scope of review regarding mandamus petitions and the comparatively broad scope of review on direct appeal, and has not contended since that he intended a direct appeal, not mandamus review. Moreover, we note that Robinson is a prolific litigator, see Robinson v. Calhoun, No. 87-7603 (4th Cir. Jan. 20, 1988) (unpublished) (Robinson has filed 47 separate court actions in 14 years of confinement), and deem it fair to treat Robinson's specific request for mandamus review literally. Under these circumstances, Robinson must suffer the consequences of his misguided efforts.
 
 
 3
 Accordingly, while we grant Robinson's motion for leave to proceed in forma pauperis, we deny his petition for a writ of mandamus and dismiss this action.
 
 
 4
 DISMISSED.
 
 
 
 [1]
 Robinson has never appealed the order of dismissal