**In re UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, Petitioner.**

**No. 79–1190.**

United States Court of Appeals, Fourth Circuit.

Submitted March 16, 1979.

Decided April 10, 1979.

---

Michael H. Gottesman, James M. Harris, Bredhoff, Gottesman, Cohen & Weinberg, Washington, D. C., Carl B. Frankel, Pittsburgh, Pa., on brief, for United Steelworkers of America, AFL–CIO–CLC.

Aileen A. Armstrong, Asst. Gen. Counsel, Washington, D. C., for Special Litigation on brief, for N. L. R. B.

Andrew M. Kramer, Edmund D. Cooke, Jr., Seyfarth, Shaw, Fairweather & Geraldson, Washington, D. C., on brief, for Newport News Shipbuilding and Dry Dock Company.

Herbert V. Kelly, Newport News, Va., on brief for Peninsula Shipbuilders' Association.

Before BUTZNER, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

The United Steelworkers of America petition the court to issue a writ of mandamus directing the Honorable John A. MacKenzie, United States District Judge for the Eastern District of Virginia, to vacate his order of March 15, 1979, requiring that Peninsula Shipbuilders' Association (PSA) be accorded full party status in the hearing which is being conducted by the National Labor Relations Board pursuant to our mandate in *Newport News Shipbuilding and Dry Dock Co. v. N. L. R. B.*, 594 F.2d 8 (4th Cir. 1979).

In December, 1977, the Steelworkers filed a petition with the Board seeking to displace PSA as the bargaining representative of the production and maintenance employees at Newport News Shipbuilding and Dry Dock Company. Pursuant to a stipulation for certification upon consent election, the Board conducted an election on January 31, 1978. The Steelworkers received a majority of the votes cast. Both the company and PSA filed timely objections contending that the election should be set aside because of misconduct prior to the election and irregularities in the election process. An administrative investigation was conducted by the Regional Director. After a review of his report, the Board certified the Steelworkers as the exclusive bargaining representative of the production and maintenance employees.

Subsequently, the company refused to bargain with the Steelworkers on the ground that there was substantial evidence

of misconduct affecting the results of the election, and the Steelworkers filed unfair labor practices charges against the company. The Board found that the company had violated §§ 8(a)(1) and 8(a)(5) of the National Labor Relations Act and ordered it to cease and desist from refusing to bargain. Although PSA was a full party to the certification proceeding, its motion to intervene in the unfair labor practices proceeding was denied by the Board because it was filed six days after the Board issued its decision.

Upon review, we remanded the case to the Board so that it might conduct a hearing to determine whether there is a reasonable likelihood that the election was corrupted by chain voting. Sustaining objections filed by the Board and the company, we denied PSA's motion to intervene in this court, but allowed it to file an extensive amicus brief.

In accordance with our mandate, the Board scheduled a hearing for March 19, 1979. On March 7, 1979, PSA petitioned the Board to be allowed to intervene in the hearing as a party participant. By order of March 13, 1979, the Board granted PSA the right to intervene "as *amicus curiae* with the right to present evidence at said hearing relevant to the issues remanded by the court."

PSA had instituted a suit in the district court in December of 1978 seeking to protect its due process rights regarding its challenge to the election. Upon entry of the Board's order granting it only amicus status, PSA moved in the district court for an order requiring the Board to allow it to participate in the hearing as a full party. On March 15, 1979, Judge MacKenzie ordered the Board to grant PSA party status. On March 16, 1979, the Board revoked its earlier order and granted PSA full party status.

The Steelworkers have applied for a writ of mandamus contending that the district court was without jurisdiction to direct the Board's handling of the hearing. In their petition for mandamus, the Steelworkers state that since the Board's original order granted PSA the right to participate fully in the presentation of evidence at the remand hearing, "[t]he critical and only difference between amicus status and party status will arise following the Board's decision."

The Board has joined in the Steelworkers' petition for mandamus and has submitted a statement of position in support of the petition. The Board indicates in its statement that it did not seek a stay of the district court's order because in its judgment, "the Order did not require the Board to grant PSA any rights which the Board had not already anticipated granting. Rather, the Board interpreted the District Court Order as requiring, at most, that the Board make explicit, that which was formerly implicit— namely, PSA's right to participate as a full party in the March 19, 1979 hearing on the remanded election objection." The Board further states that, in its view, if PSA petitions for review from the final decision of the Board, its right to do so will have to be adjudicated at that time.

Mandamus is not appropriate under the circumstances of this case. The issue whether PSA has a right to intervene as a full party in the Board hearing, and whether it therefore has a right to petition for review from an adverse decision, may properly be decided by this court if review is sought from a final decision of the Board. Cf. *J. P. Stevens Employees Educ. Comm. v. NLRB*, 582 F.2d 326 (4th Cir. 1978). Similarly, the Board has a right of appeal from any final order issued by the district court adjudicating the rights of PSA.

It is well settled that mandamus may not be used as a substitute for appeal. *Ex parte Fahey*, 332 U.S. 258, 259–60, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947); *United States v. Hankish*, 462 F.2d 316, 318 (4th Cir. 1972). This principle is particularly applicable here since mandamus would have no present effect on the rights of the parties. The issue of primary concern to the parties is whether PSA is entitled to petition for review in the event it is aggrieved by a final order of the Board. As we have noted above, that issue will be ripe for determination if and when such a petition is forthcoming.

Accordingly, the application for a stay of the district court's order and for a writ of mandamus is denied.