813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Joseph E.L. SULLIVAN, Petitioner.
 No. 86-8004.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Oct. 22, 1986.
 
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Joseph E.L. Sullivan, petitioner pro se.
 PER CURIAM:
 
 
 1
 Joseph E.L. Sullivan has petitioned this Court for a writ of mandamus and for leave to proceed in forma pauperis. We grant the petition to proceed in forma pauperis, but we deny the petition for a writ of mandamus.
 
 
 2
 Petitioner pleaded guilty to a charge of bank robbery[1] in December 1976, and was sentenced to 20 years imprisonment. In 1978 petitioner moved the district court for a vacation of sentence; the motion was denied. This Court, on appeal, affirmed the district court's decision. In 1979 petitioner again sought habeas corpus relief; that relief was also denied. Again, this Court affirmed the district court.
 
 
 3
 In 1982 petitioner once more applied to the district court for habeas corpus relief; again, relief was denied. An appeal followed; the district court's decision was affirmed. In 1985 petitioner applied for post-conviction relief pursuant to 28 U.S.C. Sec. 2255; relief was denied. An appeal of that action ensued and is currently pending in this Court. Sullivan v. United States, No. 86-7055 (4th Cir., filed March 4, 1986).
 
 
 4
 In April 1986, and subsequent to petitioning for a writ of mandamus, petitioner sought post-conviction relief pursuant to 28 U.S.C. Sec. 2241; relief was denied. An appeal of that action is also pending in this Court. Sullivan v. United States, No. 86-7604 (4th Cir., filed May 12, 1986).
 
 
 5
 Petitioner now seeks the extraordinary relief of mandamus to compel the district court to file a petition for a writ of habeas corpus which petitioner has attached to this petition for a writ of mandamus. Petitioner, however, has not shown that he has unsuccessfully attempted to file the habeas petition in the district court, or that the district court is otherwise impeding him in seeking relief in the federal courts. It is clear from petitioner's success in filing the April 1986 petition that he is not being denied access to the district court. It is equally clear that when petitioner has presented a claim different from one which was previously denied on the merits that the district court has addressed the new claim on the merits.
 
 
 6
 The propriety of the district court's actions concerning the filing of petitions and motions for post-conviction relief, and of the district court's disposition of such petitions and motions, may appropriately be raised by means of a notice of appeal from the district court's final order. Petitioner may not circumvent the normal appellate processes by use of mandamus. In Re United Steel Workers of America, 595 F.2d 958, 960 (4th Cir.1977).
 
 
 7
 Accordingly, leave to proceed in forma pauperis is granted, the petition for a writ of mandamus is denied, and this action is dismissed.
 
 
 8
 DISMISSED.
 
 
 
 [1]
 In violation of 18 U.S.C. Sec. 2113(a)