815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Bob E. BAILES, Petitioner.
 No. 87-6001.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1987.
Decided March 23, 1987.
 
 Before WIDENER, PHILLIPS,and ERVIN, Circuit Judges.
 Bob E. Bailes, petitioner pro se.
 PER CURIAM:
 
 
 1
 Bob Bailes, a/k/a Robert E. Bales, a/k/a Robert E. Bailes, has petitioned this Court for a writ of mandamus or a writ of prohibition compelling the district court "to vacate all Orders entered in Criminal Case No. 86-142-A, and that the same be stricken from the docket, and that all other matters be expunged from all records." Petitioner also demands that he be released at once from confinement at the federal prison at Petersburg, Virginia.
 
 
 2
 Petitioner was convicted in 1986 on charges arising from false bank loan applications. He was sentenced to one fiveyear term and five two-year terms, all to run concurrently, to pay a fine of $10,000, and to make restitution to the defrauded bank in the amount of $7,729.68. See United States v. Bailes, No. C/R 86-142-A(Ol)a(E.D.Va., Sept. 26, 1986).
 
 
 3
 Since this court, as contrasted with a judge thereof, does not have authority to issue a writ of habeas corpus, 28 U.S.C. Sec.2241(a); since no application for relief under 28 U.S.C. Sec.2255 has been made as there required; and since the paper styled "writ of habeas corpus" describes itself as "ammend[ing] his petition for a Writ of Habeas Corpus, which includes the previous Writs", obviously referring to the petition for mandamus or prohibition mentioned above, we treat the paper styled "writ of habeas corpus" as an amendment to the petition for mandamus and prohibition and not separately as a petition for relief under 28 U.S.C. Sec.Sec. 2241, 2254 or 2255.
 
 
 4
 Following the receipt of the papers with respect to mandamus, prohibition, and habeas corpus above referred to we received from Baile's attorney, a paper styled "Suggestion to Correct the Record" in case No. 86-5646, the direct appeal above referred to, but she requests that those papers be filed as an amendment in case No. 87-6001 and No. 86-8036 (No. 86-8036 is the same case as 87-6001, our clerk's office having renumbered the same for administrative purposes). This motion to amend is granted. The "Suggestion to correct the Record" has been separately referred to the panel which has under consideration the district court appeal in case No. 86-5646.
 
 
 5
 All of these papers, however, concern matter which either was, or might have been considered in the course of the direct appeal. There is nothing so unusual in the said papers which would justify a departure from disposing of the questions in these cases in the regular course of business which will insure that if there is merit in any of Baile's various contentions, properly raised, it will be considered on its merits.
 
 
 6
 As noted, this court currently has under consideration petitioner's direct appeal from the preceding conviction. See United States v. Bales, No. 86-5646 (4th Cir. filed Sept. 30, 1986). A petition for a writ of mandamus or prohibition may not be used as a substitute for the appellate processes. In re United Steel Workers, 595 F.2d 958, 960 (4th Cir. 1977). Accordingly, the petition for a writ of mandamus or prohibition and the related request for immediate release are denied and the petition is denied.
 
 
 7
 WRIT DENIED.