825 F.2d 406
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Robert Earl GREEN, Sr., Petitioner.
 No. 87-8021
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1987.
Decided July 28, 1987.
 
 Robert Earl Green, Sr., petitioner pro se.
 Before RUSSELL, HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Earl Green, an inmate at the Maryland Correctional Institute, Jessup, Maryland, has petitioned this Court for a writ of mandamus compelling the district court to permit him to refile a civil rights complaint which was earlier dismissed. We deny Green's petition on the basis that he seeks to use the extraordinary process of mandamus as a substitute for the normal appellate processes.
 
 
 2
 In 1982 Green commenced a civil action pursuant to 42 U.S.C. Sec. 1983. The district court concluded that Green's civil rights suit was essentially a habeas corpus action seeking relief from a state criminal conviction, and dismissed his complaint for failure to exhaust state remedies; this Court affirmed the district court's dismissal order. Green v. The Corporation Trust, No. 82-6264 (4th Cir. June 5, 1982) (unpublished).
 
 
 3
 In 1984 Green filed a 'Motion for Leave to File Bill of Complaint' in the district court, seeking to have that court rescind its 1982 dismissal order and to reinstate the former proceeding. The district court found that Green still had made no showing that he had exhausted his state remedies and, accordingly, denied Green's motion and instructed him that the court would deny future efforts to reopen the case 'unless and until appropriate exhaustion of state remedies has been completed as required by the opinions of this Court and the Fourth Circuit.' Green v. The Corporation Trust, C/A No. N82-799 (D. Md. Apr. 23, 1984) (memorandum and order).
 
 
 4
 In April 198l Green again moved in the district court to reopen his previously dismissed civil action and for leave to file a bill of complaint. The district court found that this filing was, in substance, identical to the dismissed 1984 motion and that Green still had made no showing of exhaustion of state remedies; again, his motion was denied. Green v. The Corporation Trust, C/A No. N82-799 (D. Md. Apr. 28, 1986).
 
 
 5
 Green alleges in his petition for a writ of mandamus that the district court is suspending, or delaying, his access to the court, and that he has in fact exhausted his state remedies. Although Green's petition does not specify the precise relief he would have this Court grant, it is obvious that he seeks to have judicial review of the district court's 1986 denial of his motion seeking leave to file his complaint.
 
 
 6
 Judicial review of the district court's 1986 order was available to Green by appeal to this Court. Green took no appeal from that order. Instead, he seeks to substitute mandamus for the normal appellate review processes, contrary to this Court's decision in In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Accordingly, Green's application to proceed in forma pauperis before this Court is granted, his petition for a writ of mandamus is denied, and this action is dismissed.