826 F.2d 1061
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Bartehqua N. WISSEH, Sr., Petitioner.
 No. 87-8016
 United States Court of Appeals, Fourth Circuit.
 Submitted May 28, 1987.
Decided August 6, 1987.
 
 Bartehqua N. Wisseh Sr., petitioner pro se.
 Before RUSSELL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bartehqua N. Wisseh Sr., currently incarcerated at the United States Penitentiary, Atlanta, Georgia, serving a five-year sentence arising from his convictions for receiving and transporting stolen funds in interstate commerce, has applied to this Court for a writ of mandamus directing the district court to act on his motion to vacate sentence, under 28 U.S.C. Sec. 2255. He also complains that the district court has not dealt sufficiently expeditiously with a petition for a writ of mandamus he filed below, which apparently seeks, in tandem with his Sec. 2255 motion and the mandamus petition before this Court, to compel the district judge, the United States Attorney, and the Assistant United States Attorney 'to produce evidence or cause action by order of acquittal.'
 
 
 2
 We deny his petition.
 
 
 3
 Writs of mandamus are extraordinary writs; the power to issue them is exercised sparingly. Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976). The district court has broad discretion in managing its docket and the movement of cases, including the setting and enforcing of time limits for filing responsive pleadings and for reviewing magistrates' reports. Advisory Committee Notes to Rule 4(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255.
 
 
 4
 Our review discloses that Wisseh's Sec. 2255 motion was filed in the district court on 11 September 1986. The magistrate subsequently ordered the government to respond to the motion within 60 days after 30 September; the response was filed on 1 December 1986. Wisseh then replied to the government's response. The motion was later heard by the magistrate; his findings and recommendations were filed with the district court on 6 May 1987. Wisseh filed written objections to the magistrate's report on 18 May 1987; the case is currently under consideration by the district court.
 
 
 5
 We are satisfied that Wisseh's Sec. 2255 motion is proceeding at an unobjectionable pace; accordingly, we deny his petition for a writ of mandamus.
 
 
 6
 Our review also discloses that Wisseh initially appealed his convictions on the stolen funds charges, then voluntarily dismissed his appeal. United States v. Wisseh, No. 85-5159 (4th Cir. Jun. 25, 1985) (order dismissing appeal pursuant to Fed. R. App. P. 42(b) and denying leave to proceed in forma pauperis). Wisseh's instant petition for a writ of mandamus seeks to contest the substance of his conviction, thus attempting to circumvent the normal appellate processes; this we do not condone. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).
 
 
 7
 Leave to proceed in forma pauperis is granted, the petition for a writ of mandamus is denied, and this action is dismissed.
 
 
 8
 DISMISSED.