829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Joseph Edward Lee SULLIVAN, Petitioner.
 No. 87-8008
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1987.
Decided September 8, 1987.
 
 Joseph Edward Lee Sullivan, petitioner pro se.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Sullivan, a federal inmate, has applied to this Court for a writ of mandamus and for leave to proceed in forma pauperis. Sullivan requests an order compelling the district court to:
 
 
 2
 (1) disqualify the district court judge from ruling on petitioner's prospective Sec. 2255 motion to vacate, set aside, or correct his sentence based on 'newly discovered evidence'; and
 
 
 3
 (2) order that Sullivan be allowed to challenge the constitutional violations of 'ineffective assistant' of counsel based on new evidence.
 
 
 4
 Sullivan is not unfamiliar to either the district court or to this Court. He has filed a number of habeas corpus petitions and post-conviction motions challenging certain aspects of his sentence of 20 years imposed upon his guilty plea to bank robbery in 1976. An appeal from the denial of Sullivan's most recent post-conviction motion is pending in this Court. United States v. Sullivan, No. 87-7041 (4th Cir., filed Feb. 9, 1987).
 
 
 5
 To the extent Sullivan is attempting by way of mandamus to challenge the propriety of the district court judgment in that case he will not be permitted to do so. Petitions for mandamus may not be used to circumvent the normal appellate process. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1977). Sullivan must raise any complaints relating to the judgment in case number 87-7041 in the appeal of that case.
 
 
 6
 To the extent that Sullivan seeks an order requiring the district court to consider a future post-conviction motion which Sullivan may file based upon newly discovered evidence, and seeks an order disqualifying the district judge who has ruled on Sullivan's previous petitions from considering a future petition, mandamus relief is inappropriate. It is clear from Sullivan's past litigation experience in the district court that he is not being denied access to the district court. Moreover, when Sullivan has presented a claim different from one previously denied on the merits, the district court has addressed the new claim on the merits. We refuse to speculate as to the propriety of any future district court action on a petition not yet filed in that court. As we noted in a previous petition for mandamus relief filed by Sullivan '[t]he propriety of the district court's actions concerning the filing of petitions and motions for post-conviction relief, and of the district court's disposition of such petitions and motions, may appropriately be raised by means of a notice of appeal from the district court's final opinion.' In re Sullivan, No. 86-8004 (4th Cir., Oct. 22, 1986) (unpublished), slip op. at 3. Furthermore, Sullivan has shown no basis whatsoever for disqualifying the district judge based on alleged bias. Clearly unhappiness with adverse rulings which we have reviewed and affirmed is not sufficient to support an inference of bias.
 
 
 7
 Writs of mandamus are extraordinary writs, and the power to issue them is sparingly exercised. Kerr v. United States District Court, 426 U.S. 394, 402-403 (1976). This case does not present claims requiring its exercise. Accordingly, although we grant leave to proceed in forma pauperis, the petition for a writ of mandamus is denied for the reasons stated above, and this action is dismissed.
 
 
 8
 DISMISSED.