865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Allen Ray JOHNSON, Petitioner.
 No. 88-8031.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 21, 1988.
Decided: Dec. 8, 1988.
 
 Allen Ray Johnson, petitioner pro se.
 Before WIDENER, K.K. HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Allen Ray Johnson petitions this Court for a writ of mandamus. The petition asks this Court to reconsider its decision in United States v. Johnson, 612 F.2d 843 (4th Cir.1979), which affirmed the district court's denial of Johnson's first 28 U.S.C. Sec. 2255 motion to vacate his sentences. Johnson has also moved for in banc rehearing of the decision in Johnson. We deny the writ and decline to circulate the petition for in banc rehearing to the full Court. We also deny Johnson's motion to expedite this action.
 
 
 2
 In 1976, Johnson and his accomplices stole three truckloads of gasoline from a pipeline terminal in Selma, North Carolina. Johnson was charged with one count of violating 18 U.S.C. Sec. 659 for each truckload of gasoline stolen. Upon conviction, he received three consecutive four-year sentences and a $2500 fine for each offense. In our 1979 decision in Johnson, we rejected Johnson's argument that the three convictions violated the double jeopardy clause because the thefts, which occurred over the course of a few hours, should have been deemed a single crime.
 
 
 3
 While Johnson asks this Court to reconsider its 1979 Johnson decision, the double jeopardy argument he now makes is somewhat different. He argues that because the stolen gasoline was from a single interstate shipment, he should have been convicted of only one violation of Sec. 659. He concedes that he has already raised this argument in another Sec. 2255 motion and that this Court affirmed the district court's denial of relief.
 
 
 4
 In effect, Johnson is trying to use this mandamus petition to obtain a second appeal of the district court's denial of Sec. 2255 relief on this ground. It is well-settled that a petition for a writ of mandamus cannot be used as a substitute for an appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). It follows that a mandamus petition cannot be used to secure a second appeal after the first one is unsuccessful.
 
 
 5
 Johnson has also asked the full Court to review the 1979 decision in Johnson. This request is untimely. See Fed.R.App.P. 35(c), 40(a). We decline to forward this request to the full Court in the absence of a motion for leave to file an untimely petition for rehearing in banc. We also decline to consider the other grounds for relief that Johnson raises in his request for in banc rehearing. To the extent that these grounds have been raised previously in this Court, they are not now properly before us. If Johnson has not previously litigated these claims, he has an adequate remedy in the form of a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Cf. In re Beard, 811 F.2d 818, 826 (4th Cir.1987) (mandamus relief available only if other types of actions are inadequate).
 
 
 6
 PETITION DENIED.