872 F.2d 417
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Robert C. KOCHEL, Sr., Petitioner.
 No. 88-8100.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided March 29, 1989.
 
 Robert C. Kochel, Sr., petitioner pro se.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert C. Kochel, Sr., petitions this Court for a writ of mandamus directing the district court to vacate its order dismissing his civil rights action against the State of Maryland. In his civil rights action, Kochel requested a declaratory judgment that the Maryland Parole Commission violated his right to due process when it returned his pardon application to him with a statement that under the governor's new guidelines, he was not yet eligible for a pardon. The State of Maryland has moved to dismiss Kochel's mandamus petition, arguing that Kochel is improperly using a mandamus petition as a substitute for an appeal. In addition, the state argues that the district court's disposition of Kochel's action was correct.
 
 
 2
 The State is correct in arguing that a mandamus petition may not be used as a substitute for an appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Kochel, however, filed his petition during the 30-day period for filing a notice of appeal. See Fed.R.App.P. 4(a)(1). In addition, the petition clearly questions the correctness of the district court's judgment. Accordingly, we will review Kochel's objections to the district court's judgment as if he had filed a notice of appeal instead of a mandamus petition.
 
 
 3
 We find that the district court did not err in dismissing Kochel's action. He has no constitutionally protected interest in receiving a pardon. See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458 (1981). In addition, we have found no Maryland statute or regulation giving him the right to immediate consideration of his pardon application. Moreover, even if Kochel could prove such an interest, the record shows that he received all the process he was due, as the Parole Commission gave him a statement of reasons for its action. See Dumschat v. Board of Pardons, 618 F.2d 216, 221 (2d Cir.1980), rev'd on other grounds, 452 U.S. 458 (1981).
 
 
 4
 Kochel also claims that the district judge was biased against him. The basis for this claim is Kochel's belief that the district judge cited inapposite cases and inaccurately described the facts in dismissing his action. This claim is frivolous. See In re Beard, 811 F.2d 818, 827 (4th Cir.1987).
 
 
 5
 We deny the petition for a writ of mandamus. Leave to proceed in forma pauperis is granted.
 
 
 6
 PETITION DENIED.