873 F.2d 1439
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Herbert Clyde LYNCH, Petitioner.
 No. 88-8026.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1989.
Decided April 28, 1989.
 
 Herbert Clyde Lynch, petitioner pro se.
 Before PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herbert Clyde Lynch petitions this Court for a writ of mandamus directing the district court to hear his 42 U.S.C. Sec. 1983 action, Lynch v. Baker, C/A No. 87-2925-HM. Alternatively, he asks this Court to direct his immediate release from federal custody so that he will be able to prosecute that action, which was administratively closed because Lynch is in federal custody outside the state of Maryland. We grant leave to proceed in forma pauperis but deny Lynch's petition.
 
 
 2
 The district court administratively closed Lynch's suit because he is incarcerated in a federal correctional institution outside the state of Maryland. The case was closed subject to Lynch's right to reopen the case when he is present in the state of Maryland.
 
 
 3
 The district court administratively closed Lynch's case prior to our decision in Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107 (4th Cir.1988). Muhammad held that certain findings were necessary before a district court could administratively close a case on the ground that the plaintiff was incarcerated in another state. The district court arguably did not make the findings required by Muhammad required by Muhammad before closing Lynch's case.
 
 
 4
 Lynch apparently did not appeal the district court's order, however, and he filed this mandamus petition long after the time for an appeal had expired. It is well-established that a writ of mandamus may not be used as a substitute for a timely appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Our decision to deny mandamus relief, however, is without prejudice to Lynch's right to file a motion to reopen in the district court based on the decision in Muhammad.
 
 
 5
 Accordingly, we deny Lynch's petition for a writ of mandamus. We also deny his request for appointment of counsel.
 
 
 6
 PETITION DENIED.