896 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie TAYLOR, Plaintiff-Appellant,
v.
CUMBERLAND COUNTY DISTRICT ATTORNEY'S OFFICE; Sharon Rippe,
Assistant Prosecutor, Defendants-Appellees.
 No. 89-7626.*
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 21, 1989.
Decided: Feb. 7, 1990.
Rehearing Granted March 23, 1990.
 
 Freddie Taylor, appellant pro se.
 Lacy Herman Thornburg, Office of the Attorney General of North Carolina; Edward W. Grannis, Jr., District Attorney's Office, for appellees.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Freddie Taylor filed a 42 U.S.C. Sec. 1983 action alleging that he was deprived of his constitutional rights by the actions of the Cumberland County District Attorney's Office and an assistant district attorney. The district court dismissed the action as frivolous. Taylor moved for reconsideration, but the motion was denied. Taylor petitioned the district court for a writ of mandamus, but the petition was denied on April 10, 1989. Taylor filed a notice of appeal and petition for writ of mandamus on May 12, 1989, 32 days after the district court's denial of the petition. Taylor did not move for an extension of time in which to file his appeal.
 
 
 2
 Taylor's notice of appeal was filed outside of the 30-day appeal period provided by Fed.R.App.P. 4(a). The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Taylor's failure to note a timely appeal or to move for an extension of time to appeal deprives this Court of jurisdiction; therefore, we dismiss the appeal.
 
 
 3
 In his petition for writ of mandamus, Taylor sought reversal of the district court's dismissal of his Sec. 1983 action. Mandamus cannot be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Because the relief sought by Taylor could have been addressed in an appeal, the petition for writ of mandamus is denied.
 
 
 4
 We dispense with oral argument because the facts and legal issues are adequately presented in the material before the Court and argument would not significantly aid in the decisional process.
 
 
 5
 APPEAL DISMISSED; PETITION DENIED.
 
 
 
 *
 Rehearing Granted March 23, 1990