956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Ronald BROWN; G. Elaine Brown, Petitioners.
 No. 91-1880.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 26, 1992.
 
 On Petition for Writ of Mandamus.
 Ronald Brown, G. Elaine Brown, petitioners pro se.
 PETITION DENIED.
 Before HAMILTON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Brown and G. Elaine Brown (the Browns) filed this petition for a writ of mandamus on December 12, 1991. In the petition they claim that the Internal Revenue Code sections relied on by the magistrate judge and the district court in acting on a motion to quash an IRS summons and a petition for writ of prohibition are matters outside the pleadings.
 
 
 2
 The Browns seek an order directing the district court to rule on the pending petition for writ of prohibition based only on "the adjudicative facts as duly submitted in demandants 'Rebuttal to Motion to Dismiss' with Exhibits attached thereto ... and not a mere ministerial ruling 'on matters outside the pleadings.' " In other words, they want the district court to rule based only on their pleadings, and not on the Respondents' pleadings, attachments to those pleadings, or the Internal Revenue Code.
 
 
 3
 A motion for summary judgment may be supported by affidavits, depositions, answers to interrogatories, and other matters outside of the pleadings. Fed.R.Civ.P. 56. The district court considers all of the supporting materials, as well as relevant case and statutory law, when ruling on a motion for summary judgment. Therefore, the district court cannot rely only on the pleadings submitted by the Browns when it rules on the petition for a writ of prohibition. Fed.R.Civ.P. 56(e). In addition, mandamus relief may be granted only when the petitioners have no other means for obtaining the requested relief. In re Beard, 811 F.2d 818, 826-27 (4th Cir.1987). If the district court denies the petition for writ of prohibition, the Browns may appeal that decision to this Court. Therefore, they have another possible method for obtaining relief, and we deny the petition as to this claim.
 
 
 4
 The Browns also seek to overturn the district court's order denying their motion to quash. However, mandamus may not be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Therefore, to the extent that the petition challenges the district court's denial of the motion to quash, it is denied.
 
 
 5
 We deny the petition for a writ of mandamus in its entirety. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 6
 PETITION DENIED.