995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: E. L. MASON, Petitioner.
In Re: E. L. MASON, Petitioner.
In Re: E. L. MASON, Petitioner.
 Nos. 93-8025, 93-8026, 93-8027.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 29, 1993
Decided: June 11, 1993
 
 On Petitions for Writs of Mandamus.
 E. L. Mason, Petitioner Pro Se.
 PETITION DENIED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In these consolidated actions, E. L. Mason petitions this Court for writs of mandamus directed to the three district courts in North Carolina. Because none of the petitions presents circumstances warranting extraordinary relief, we deny the petitions.
 
 
 2
 In No. 93-8025, Mason asks this Court to direct the district court for the Western District of North Carolina to file a complaint sent by Mason to that court. The materials before us reveal that the district court did not file the complaint because Mason has not paid a $500 sanction previously imposed by that court. We are not asked to review the sanction order, and, in any event, mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Further, because there are other means by which Mason could obtain the requested relief, mandamus is inappropriate. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987).
 
 
 3
 Mason also seeks disqualification of the district judge from all of Mason's actions in the Western District. As Mason has not shown extrajudicial bias warranting disqualification of the district judge, the requested relief is not warranted. See In re Beard, 811 F.2d at 826-27.
 
 
 4
 In No. 93-8026, Mason asks this Court to direct the District Court for the Eastern District of North Carolina to file a complaint which Mason mailed to that court. The district court clerk's office returned the material to Mason because Mason had not, as required by a local rule of court, provided sufficient information about the Defendants' local addresses to enable a marshal to serve the Defendants. Mandamus is a drastic remedy to be used only in extraordinary situations when there are no other adequate means to obtain relief. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is unavailable in this case; Mason seemingly could readily solve the problem himself by providing the necessary information to the district court.
 
 
 5
 In No. 93-8027, Mason seeks to have the identical complaint refused by the Western District of North Carolina filed in the Middle District of North Carolina. The district court for the Middle District did not file the complaint, apparently construing the papers as supplemental material filed in a case that was on appeal to this Court. Given the often confusing and voluminous pleadings filed by Mason, we refuse to grant the writ. Nevertheless, Mason remains free to remedy the situation by clarifying for the district court the fact that his complaint is separate from the case that was appealed to this Court.
 
 
 6
 We accordingly deny the three petitions for mandamus relief. Leave to proceed in forma pauperis is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before us and argument would not aid the decisional process. The request for reconsideration of the order consolidating these actions is denied.
 
 PETITIONS DENIED