7 F.3d 224
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Vincent Eugene LINEBERGER, Petitioner.
 No. 93-8041.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 23, 1993.
 
 On Petition for Writ of Mandamus.
 Vincent Eugene Lineberger, Petitioner Pro Se.
 PETITION DENIED.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Vincent Eugene Lineberger petitions this Court for a writ of mandamus seeking a declaratory judgment and injunctive relief. Specifically, Lineberger wants this Court to: (1) enjoin the bankruptcy court from redirecting his mail to the trustee; (2) issue an order removing the trustee under 11 U.S.C.A. § 324 (West 1993); (3) order Judge Wooten to recuse himself; and (4) issue an order invalidating all orders entered by Judge Wooten after he allegedly attended the 11 U.S.C.A. § 341 (West 1993) meeting of creditors. We deny the mandamus petition.
 
 
 2
 Mandamus relief is available only if other remedies are ineffective to vindicate a petitioner's rights. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for an appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).
 
 
 3
 The bankruptcy court's order redirecting Lineberger's mail to the trustee may be reviewed on appeal. Likewise, Lineberger's request that the trustee be removed must be presented to the bankruptcy court, and then may be reviewed on appeal. See 11 U.S.C.A. § 324 (West 1993).
 
 
 4
 Lineberger alleges that Judge Wooten attended the meeting of creditors, in violation of § 341(c), and requests this Court to order Judge Wooten to recuse himself from Lineberger's cases. An order directing recusal of a judge will only be granted upon a showing of extrajudicial bias. In re Beard, 811 F.2d at 826-27. Lineberger has not made such a showing.
 
 
 5
 Lineberger failed to show that he has a clear right to the relief sought and that no other remedy is available. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). While we grant leave to proceed in forma pauperis,* we deny the petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 *
 Lineberger also requests that the docket sheets in his two pending bankruptcy cases and all adversary proceedings filed in those cases, as well as a number of transcripts, be provided to him at government expense. However, Lineberger failed to state the relevance of these documents and failed to show the existence of a substantial question. See 28 U.S.C.A. § 753(f) (West Supp. 1993). Therefore, his request for provision of documents at government expense is denied