27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
IN RE: GEORGE H. VAN WAGNER, III, Petitioner.
 No. 94-8020.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 29, 1994.
 
 On Petition for Writ of Habeas Corpus.
 George H. Van Wagner, III, petitioner pro se.
 PETITION TRANSFERRED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George H. Van Wagner, III, an inmate at FCI-Schuylkill, Minersville, Pennsylvania, filed this original thirty-seven page petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 (1988), seeking review of the district court's denial of habeas corpus relief with regard to his claims: (1) that he was denied the right to counsel of his own choosing at his drug conspiracy trial and sentencing hearing, (2) that he was denied the right to call witnesses of his choice, and (3) that his due process rights were infringed by the trial court's denial of a competency hearing.* He has also requested mandamus relief in the form of an order directing the district court to adjudicate these claims on the merits.
 
 
 2
 According to the appellate record, the district court in fact disposed of the latter two claims on the merits in a prior action. Van Wagner v. United States, Nos. CR-89-184-A; CA-91-1312-AM (E.D. Va. Aug. 7, 1992) (unpublished). We dismissed Van Wagner's appeal from that decision as untimely. Van Wagner v. United States, No. 93-6091 (4th Cir. Nov. 15, 1993) (unpublished), cert. denied, --- U.S.L.W. ----, 1994 WL 69948 (U.S. Apr. 25, 1994).
 
 
 3
 To the extent Van Wagner is seeking to reopen his prior action by requesting mandamus relief, his efforts must fail. Mandamus may not be used as a substitute for appeal or to circumvent the normal appellate process. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Van Wagner forfeited appellate review of claims two and three by failing to timely appeal the district court's decision, and by failing to request a timely extension of time in which to appeal. He may not undo his failures by mandamus. His first claim was apparently not raised in the prior action, but in light of his continued ability to pres ent that claim to the district court, the drastic remedy of mandamus is unwarranted. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir.1987).
 
 
 4
 To the extent Van Wagner seeks relief in this Court under Sec. 2255 independent of his petition for mandamus relief, we are without jurisdiction to entertain his request. Motions under Sec. 2255 must be filed in the sentencing court. 28 U.S.C. Sec. 2255; Braden v. 30th Judicial Cir. Court, 410 U.S. 484, 497 (1973). We therefore transfer this Sec. 2255 motion to the United States District Court for the Eastern District of Virginia.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION TRANSFERRED
 
 
 *
 Given the nature of these claims, we construe Van Wagner's petition as a motion for relief under 28 U.S.C. Sec. 2255 (1988). We note that Sec. 2241 is only an appropriate avenue for relief in those rare cases where Sec. 2255 is "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. Sec. 2255; Swain v. Pressley, 430 U.S. 372, 381 (1977)