**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-1999

In Re:  NICHOLAS R. CROWDER,

Petitioner.

On Petition for Writ of Mandamus.

Submitted:  September 8, 1999          Decided:  November 5, 1999

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Nicholas R. Crowder, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nicholas R. Crowder has filed a petition for a writ of mandamus under 28 U.S.C. § 1651 (1994) seeking: (1) an order directing the Clerk of the Court for the United States District Court for the District of Maryland to submit to the district judge all pleadings in the matter of Crowder v. Kelley, No. 99-CV-477 (D. Md.); (2) an order directing the clerk of this court to submit all pleadings, motions, and rehearing pleadings in several pending appeals; (3) reconsideration of a July 7, 1999 order dismissing Crowder v. Kelley, No. 99-1712 (4th Cir. July 7, 1999), under 4th Cir. R. 45 for failing to pay the filing fee; (4) reconsideration of a July 23, 1999 order dismissing Crowder v. Kelley, No. 99-1758 (4th Cir. July 23, 1999), under 4th Cir. R. 45 for failing to pay the filing fee; (5) orders recalling the mandates in Crowder v. Goad, No. 98-7486 (4th Cir. Jan. 14, 1999), and Crowder v. Kelley, No. 98-6811 (4th Cir. Dec. 15, 1998); or in the alternative, (6) orders remanding several appeals to the district court.

Mandamus is a drastic remedy to be used only in extraordinary circumstances when there are no other means by which the relief sought could be granted. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus is not to be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). A petitioner must show that he has a clear right to the relief sought, that the respondent has a clear duty to perform the act

requested by the petitioner, and that there is no other adequate remedy available.  See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).  Crowder has not made such a showing.

Accordingly, we deny mandamus relief.  Because no member of the court has requested a poll, we also deny Crowder's motion for en banc review, see Fed. R. App. P. 35(f), and we deny as moot his emergency motion for reconsideration of an order deferring action on his motion for en banc review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3