**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-7252**

———————————

In Re:  ERIC ALLEN PILKINGTON,

Petitioner.

———————————

On Petition for Writ of Mandamus.  (CA-99-1113-H)

———————————

Submitted:  November 9, 1999        Decided:  November 19, 1999

———————————

Before HAMILTON, TRAXLER, and KING, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Eric Allen Pilkington, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eric Allen Pilkington filed a petition for writ of mandamus requesting that this court order the district court to hold an evidentiary hearing to resolve the issues raised in Pilkington's 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999) petition, which he filed in the district court earlier this year. The district court denied relief on Pilkington's § 2254 petition because it was untimely filed under the applicable filing limitations period. See 28 U.S.C.A. § 2244(d) (West Supp. 1999). This court dismissed Pilkington's appeal, see Pilkington v. Logan, No. 99-6758, 1999 WL 635689 (4th Cir. Aug. 20, 1999) (unpublished), and denied his subsequent petition for rehearing.

In this mandamus petition, Pilkington failed to establish that he has a clear right to the relief sought. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus relief may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Because Pilkington essentially seeks another appeal of the district court's denial of his § 2254 petition, we deny his petition for a writ of mandamus. Although we grant leave to proceed in forma pauperis, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2