**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-7284**

———————

In Re: LENISE SYKES, a/k/a Lenise Hawkins,
a/k/a Lenise Givens, a/k/a Zina Swinton, a/k/a
Lita L. Skinner, a/k/a Lenise M. Skinner,

Petitioner.

———————

On Petition for Writ of Mandamus.  (CR-00-234-PJM)

———————

Submitted:  October 10, 2002          Decided:  October 21, 2002

———————

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Lenise Sykes, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lenise Sykes has filed a petition for a writ of mandamus requesting that this court order her release from custody based on her claim that one of the United States Attorneys involved in her criminal prosecution did not possess a valid license to practice law. "The granting of a writ of mandamus is a drastic remedy to be used in extraordinary circumstances." In re Beard, 811 F.2d 818, 826-27 (4th Cir. 1987). A petitioner must show that she has a clear right to the relief sought, that the respondent has a clear duty to perform the act requested by petitioner, and that there is no other adequate remedy available. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).

We find that Sykes has failed to make the requisite showing of extraordinary circumstances justifying mandamus relief because she cannot show that there is no other adequate remedy available. Sykes may raise this issue in a direct appeal of her criminal conviction. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979) (holding that mandamus may not be used as a substitute for appeal). Accordingly, we deny the petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2