**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2143**

———————

In Re: RANDY LEE HAMMITT; SANDRA MARIE
HAMMITT,

Petitioners.

———————

On Petition for Writ of Prohibition and Mandamus.
(CA-03-278-3-T)

———————

Submitted: November 19, 2003        Decided: December 3, 2003

———————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Randy Lee Hammitt, Sandra Marie Hammitt, Petitioners Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Randy Lee Hammitt and Sandra Marie Hammitt petition for a writ of prohibition and mandamus. They seek an order vacating any and all pleadings in their pending forfeiture proceeding.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Assn., 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The same standards apply to writs of prohibition. See generally In re Braxton, 258 F.3d 250, 256 n.5 (4th Cir. 2001) (recognizing that prohibition and mandamus are used interchangeably with respect to writs).

The relief sought by the Hammitts is not available by way of mandamus or prohibition because they may appeal any adverse final ruling in the forfeiture action. Accordingly, we deny the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2