<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**No. 05-213**

---

WARREN A. TAYLOR,

Petitioner,

versus

STATE OF GEORGIA; UNIVERSITY HOSPITAL,

Respondents.

---

On Petition for Permission to Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CA-05-315-PJM; CA-05-360-PJM)

---

**No. 05-1264**

---

In Re:  WARREN A. TAYLOR,

Petitioner.

---

On Petition for Writ of Mandamus.
(CA-05-315-PJM; CA-05-360-PJM)

---

Submitted:  May 2, 2005                    Decided:  May 20, 2005

---

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petitions denied by unpublished per curiam opinion.

---

Warren A. Taylor, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Warren A. Taylor petitions for permission to appeal the district court's order transferring his civil action to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1406(a) (2000). See Fed. R. App. P. 5. Because the order does not state as required by 28 U.S.C. § 1292(b) (2000) that it involves a controlling question of law on which substantial grounds for disagreement exist, we deny Taylor's petition for permission to appeal.

Moreover, to the extent that Taylor's petition could be construed as a notice of appeal from the order, we lack jurisdiction to entertain an appeal. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order Taylor seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. See In re Carefirst of Md., Inc., 305 F.3d 253, 257 (4th Cir. 2002).

Taylor also petitions for writ of mandamus for relief from the final judgment rule. Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should be used only in extraordinary circumstances. See Kerr v. United States Dist.

Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The relief sought by Taylor is not available by way of mandamus.

Accordingly, although we grant leave to proceed in forma pauperis, we deny both petitions. We also deny as moot Taylor's motions for emergency relief pending review of his mandamus petition, for submission of his petition for permission to appeal "on the brief," and to expedite his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED