**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7373**

---

In Re:  MICHAEL ALLEN KOKOSKI,

Petitioner.

---

**No. 06-6083**

---

In Re:  MICHAEL ALLEN KOKOSKI,

Petitioner.

---

On Petitions for Writ of Mandamus.
(CA-01-944-5; 5:01-944)

---

Submitted:  July 28, 2006          Decided:  August 23, 2006

---

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

---

Petitions denied by unpublished per curiam opinion.

---

Michael Allen Kokoski, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated requests for mandamus relief, Michael Allen Kokoski chiefly alleges undue delay in the district court. In No. 05-7373, Kokoski requests that we find that his criminal conviction was secured by fraud on the court, overturn the district court's dismissal of his 28 U.S.C. § 2255 (2000) motion as untimely, and direct the district court to rule on an outstanding motion to reopen his § 2255 proceeding.[1] In No. 06-6083, Kokoski requests that we direct the district court to rule on his outstanding motion to be relieved from the district court's October 2003 order dismissing his § 2255 motion as untimely.[2] For the reasons stated below, we deny both petitions for mandamus relief.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). We conclude that Kokoski's request that we invalidate his criminal

---

[1]The Government filed a response to this petition at our direction.

[2]We grant Kokoski's motion to proceed in forma pauperis in No. 06-6083.

conviction and reverse the district court's denial of his § 2255 motion as untimely is not available by way of mandamus. We therefore deny this portion of Kokoski's petition for writ of mandamus.

As for Kokoski's motions to reopen his § 2255 motion and to be relieved from the operation of a judgment, the district court has denied these motions. Accordingly, any allegations of undue delay in the district court's action on those motions are now moot. We deny Kokoski's request for a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>