**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-6731**

───────────────

In Re:  LAWRENCE CRAWFORD,

Petitioner.

───────────────

**No. 07-6853**

───────────────

In Re:  LAWRENCE CRAWFORD,

Petitioner.

───────────────

**No. 07-6978**

───────────────

In Re:  LAWRENCE CRAWFORD,

Petitioner.

───────────────

**No. 07-6982**

───────────────

In Re:  LAWRENCE CRAWFORD,

Petitioner.

On Petitions for Writs of Mandamus.
(0:06-cv-02459; 0:06-cv-01990, 0:07-cv-01062; 0:06-cv-01412)

Submitted:  September 13, 2007     Decided:  September 18, 2007

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Petitions denied by unpublished per curiam opinion.

Lawrence Crawford, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for writs of mandamus, Lawrence Crawford, a South Carolina prisoner, requests that this court issue orders:  directing the district court to send Crawford a copy of an exhibit used in an underlying state court proceeding; directing the district court to grant a change of venue in Crawford's 42 U.S.C. § 1983 (2000) civil actions and his 28 U.S.C. § 2254 (2000) habeas petition; directing the district court to refrain from changing the case numbers under which his pleadings are docketed; directing the recusal of District Judge Wooten and Magistrate Judge Marchant from any and all proceedings in the District Court for the District of South Carolina in which Crawford is a party; and, finally, directing that all proceedings in the South Carolina Court of Common Pleas be conducted by Judge Michelle Childs, and that Crawford be granted a continuance in that court. We deny all four petitions.

Mandamus relief is available only when the petitioner has a clear right to the relief sought and no other means to seek the requested relief.  In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).  Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances.  Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987).  Crawford has not established he is entitled to the relief sought, as he fails to establish the

- 3 -

requisite extraordinary circumstances.  Further, mandamus may not be used as a substitute for appeal.  <u>In re United Steelworkers</u>, 595 F.2d 958, 960 (4th Cir. 1979).  Although Crawford appears to dispute the propriety of the dismissal of his § 2254 petition, he has not appealed that order and thus that issue is not before this court.

Accordingly, although we grant leave to proceed in forma pauperis, we deny the petitions for writs of mandamus.  We further deny Crawford's motion for en banc hearing and all other pending motions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>

- 4 -