**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7775**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JULIAN MATTHEW THORNTON,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:03-hc-00194-BR)

Submitted: September 4, 2009      Decided: October 14, 2009

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Julian Matthew Thornton, Appellant Pro Se. David T. Huband, BUREAU OF PRISONS, Butner, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julian Matthew Thornton appeals the district court's order denying his motion to transfer venue and the district court's subsequent order continuing his commitment pursuant to 18 U.S.C. § 4246 (2006). Finding no error, we affirm.

First, venue is proper in the Eastern District of North Carolina where Thornton was originally committed. See 18 U.S.C. § 4247(h) (2008). Therefore, the district court did not err in denying Thornton's motion to transfer venue. Second, we find no error in Thornton's continued commitment. Following an evidentiary hearing, the district court entered an order finding by clear and convincing evidence that Thornton, who was originally committed to the Attorney General's custody in 2003, continued to suffer from a mental disease or defect as a result of which his unconditional release would create a substantial risk of bodily injury to another person or serious damage to the property of another. 18 U.S.C. § 4246(d). We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's orders. United States v. Thornton, No. 5:03-hc-00194-BR (E.D.N.C. July 30, 2008; Aug. 4, 2008).

Thornton also petitions for a writ of mandamus seeking an order recusing the district court judge. We conclude that Thornton is not entitled to mandamus relief. Mandamus relief is available only when the petitioner has a clear right to the

relief sought.  In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).  Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances.  Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987).  Mandamus may not be used as a substitute for appeal.  In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).  Thornton offers no showing of bias or impartiality of the district court.  Moreover, because Thornton is able to seek relief through his direct appeal, mandamus relief is not available.  Therefore, we deny Thornton's mandamus petition.

We further deny Thornton's motions to transfer venue, to recuse, and to expand the record on appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED