960 F.2d 146
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Restoney ROBINSON, Petitioner.
 No. 92-8019.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 22, 1992
 
 On Petition for Writ of Mandamus.
 Restoney Robinson, Petitioner Pro Se.
 PETITION DENIED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Restoney Robinson filed this mandamus petition seeking recusal of the district judge and an order directing the clerk of the district court to file his 42 U.S.C. § 1983 (1988) complaint. Although we grant leave to proceed in forma pauperis, we deny Robinson's petition for mandamus relief.
 
 
 2
 On August 8, 1988, the district court enjoined Robinson from filing, commencing, or attempting to initiate any new lawsuit in the United States District Court for the Eastern District of North Carolina, without first obtaining leave of that court to so proceed. The injunction order set forth the terms and conditions for obtaining leave. Robinson v. Marion, No. 84-1046-CRT (E.D.N.C. Aug. 8, 1988), aff'd, Nos. 88-7752, 89-7525 (4th Cir. July 11, 1989) (unpublished). Despite the prior standing order, Robinson attempted to file a complaint regarding the handling of his legal mail by prison officials, without filing a motion to obtain leave of court. The district court directed the clerk of court to disregard Robinson's pleading and to provide Robinson with another copy of the Robinson v. Marion order.
 
 
 3
 Robinson seeks recusal of the district judge, alleging that he is racially biased. However, Robinson has not made the requisite showing of extrajudicial bias to warrant recusal. Robinson's petition contains only conclusory allegations, unsupported by facts. Moroever, we do not believe the judge's impartiality may reasonably be questioned in this case. See In re Beard, 811 F.2d 818 (4th Cir. 1987).
 
 
 4
 To the extent that Robinson seeks an order directing the clerk to file his complaint, our review of the pleadings and the district court's prior order reveals that Robinson is not entitled to such relief because he has not complied with the terms of the prefiling injunction. Further, a petition for writ of mandamus may not be used as a substitute for appeal of the district court's order. In re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir. 1979).
 
 
 5
 Accordingly, we deny Robinson's petition for mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED