46 F.3d 1123
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christos D. DEDES; Christos D. Dedes, as Legal Custodian
for his children Quincy Sophia Dedes and Dionysios
Christos Dedes; All Parents Similarly
Situated, Plaintiffs-Appellants,
v.
Roswell PAGE; John O'Brion; Murray J. Janus; Sylvia
Clute; Donald Lemons; Alfred Shilling; Daniel T. Balfour;
Melvin R. Hughes, Honor able, Judge of the Circuit Court in
the City of Richmond; Richard L. Williams, Honorable, Judge
of the United States District Court for the Eastern District
of Virginia, Defendants-Appellees.
Christos D. DEDES; Christos D. Dedes, as Legal Custodian
for his children Quincy Sophia Dedes and Dionysios
Christos Dedes, Plaintiffs-Appellants,
and
All Parents Similarly Situated, Plaintiff,
v.
Roswell PAGE; John O'Brion; Murray J. Janus; Sylvia
Clute; Donald Lemons; Alfred Shilling; Daniel T. Balfour;
Melvin R. Hughes, Judge of the Circuit Court in the City of
Richmond; Richard L. Williams, Judge of the United States
District Court for the Eastern District of Virginia,
Defendants-Appellees.
 Nos. 94-1788, 94-1997.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1994.
Decided: Feb. 9, 1995.
 
 Christos D. Dedes, appellant pro se.
 James Watson Morris, III, Morris & Morris, Richmond, VA; Abigail Lee Jones, Cowan & Owen, Richmond, VA; Murray Joseph Janus, Bremner, Baber & Janus, Richmond, VA; Sylvia Lanabeth Clute, Sylvia Clute & Associates, Richmond, VA; Donald W. Lemons, Durrette, Irvin, Lemons & Bradshaw, P.C., Richmond, VA; Alfred Louis Shilling, Richmond, VA; Daniel T. Balfour, Beale, Balfour, Davidson, Etherington & Parker, Richmond, VA; William Mark Dunn, Assistant Attorney General, Richmond, VA; Robert William Jaspen, Office of the United States Attorney, Richmond, VA, for appellees.
 Before HALL and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In No. 94-1788, Christos Dedes appeals the district court's denial of a petition for a writ of mandamus. In No. 94-1997, Dedes appeals the district court's decision to award Fed.R.Civ.P. 11 sanctions against Dedes and to dismiss potential claims of Dedes' minor children because Dedes failed to comply with a court order to locate an attorney to represent the children.
 
 
 2
 Through the mandamus petition, Dedes attempted to set aside a 1991 decision of the district court dismissing the action for want of jurisdiction and awarding $2500 in sanctions against Dedes. Mandamus is an extraordinary remedy which may not be used as a substitute for appeal. In re Beard, 811 F.2d 818, 826 (4th Cir.1987); In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). The district court's denial of the mandamus petition was not an abuse of discretion, and we affirm that decision.
 
 
 3
 In No. 94-1997, the district court granted the motions of the Defendants for Fed.R.Civ.P. 11 sanctions and ordered the Defendants to submit memoranda documenting the expenses incurred in defending the lawsuit. The court has yet to determine the amount of sanctions that will be assessed against Dedes. An appeal from an order awarding Rule 11 sanctions but not specifying the amount of the sanctions is interlocutory. John v. Barron, 897 F.2d 1387, 1390 (7th Cir.), cert. denied, 498 U.S. 821 (1990); Jensen Elec. Co. v. Moore, Daldwell, Rowland & Dodd, Inc., 873 F.2d 1327, 1329 (9th Cir.1989). We therefore dismiss as interlocutory that part of the appeal challenging the decision to grant the motions for Rule 11 sanctions.
 
 
 4
 Also before us in No. 94-1997 is Dedes' appeal from an order dismissing the potential claims of his two minor children without prejudice because Dedes failed to comply with the court's order that Dedes secure counsel for his children. We question Dedes' capacity to sue on behalf of his children, and we note that, if he did have that capacity, there would be no diversity of citizenship. In any event, Dedes failed to comply with the court's order to locate counsel, despite being granted an extension of time in which to find an attorney. We find that the dismissal of the potential claims of the minor children was not an abuse of discretion, and we affirm the district court's decision.
 
 
 5
 No. 94-1788--AFFIRMED.
 
 
 6
 No. 94-1997--DISMISSED IN PART AND AFFIRMED IN PART.