72 F.3d 127
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re Mark S. NEUMAN, Petitioner.
 No. 95-8097.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 28, 1995.
Decided Dec. 20, 1995.
 
 Mark S. Neuman, Petitioner Pro Se.
 Before HALL and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Mark S. Neuman has filed a Petition for a Writ of Mandamus seeking an order from this court directing his release from his incarceration in West Virginia. In his Petition, Neuman states that he was convicted of first degree murder on April 10, 1986, and sentenced to life in prison at the West Virginia Penitentiary at Moundsville (Moundsville). He was retried in November 1988, and again received a life sentence for first degree murder to be served at Moundsville.
 
 
 2
 In 1986, the Supreme Court of Appeals of West Virginia held that certain conditions of confinement at Moundsville were unconstitutional and appointed a Special Master to oversee a new Compliance Plan. Crain v. Bordenkircher, 342 S.E.2d 422 (W.Va.1986). Since that time, a new facility has been constructed, the Mount Olive Correctional Complex (MOCC), and the transfer of inmates from Moundsville to MOCC began on February 14, 1995, to be completed by April 3, 1995. Crain v. Bordenkircher, 456 S.E.2d 206 (W.Va.1995).
 
 
 3
 In his Petition, Neuman contends that he lived under unconstitutional conditions at Moundsville from 1986-1990. He seeks an order from this court directing his release from custody as compensation for this alleged violation of his Constitutional rights.
 
 
 4
 Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir.1987), and may not be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979).* The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Neuman has not made such a showing.
 
 
 5
 Accordingly, we deny mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 PETITION DENIED
 
 
 *
 Neuman's 28 U.S.C. Sec. 2254 (1988) proceeding is currently pending before the district court. Neuman v. Duncil, No. 94-CV-1005 (S.D.W.Va.)