**<u>UNPUBLISHED</u>**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-7345**

---

In Re: JOHN ANTHONY NORRIS, SR.,

Petitioner.

---

On Petition for Writ of Mandamus.  (CA-96-353)

---

Submitted:  October 31, 1997       Decided:  November 21, 1997

---

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

John Anthony Norris, Sr., Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Anthony Norris has filed a petition for a writ of mandamus in this court in which he seeks an order directing the district court to enter judgment in his favor because the Defendants have not filed an answer to his complaint. Norris filed his complaint in the district court on August 29, 1996. According to the district court's docket sheet, the complaint was dismissed as frivolous on August 30, 1996. Norris did not appeal. Rather, he has filed numerous documents and motions in the district court since his case was dismissed, including a motion for summary judgment, filed on March 17, 1997.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Norris has not made such a showing. Accordingly, we deny mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2