**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 98-639**

———————————

In Re: RICHARD LYNN STEARNS MILLER,

Petitioner.

———————————

On Petition for Writ of Mandamus.  (CA-97-138-3-11-BC)

———————————

———————————

**No. 98-7452**

———————————

RICHARD LYNN STEARNS MILLER,

Petitioner - Appellant,

versus

SOUTH  CAROLINA  DEPARTMENT  OF  CORRECTIONS;
CHARLIE CONDON, Attorney General of the State
of South Carolina,

Respondents - Appellees.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Falcon B. Hawkins, Senior District
Judge.  (CA-97-138-3-11-BC)

———————————

Submitted:  March 11, 1999          Decided:  March 30, 1999

Before ERVIN and HAMILTON, Circuit Judges, and HALL, Senior Circuit Judge.

No. 98-639 petition denied and No. 98-7452 dismissed by unpublished per curiam opinion.

Richard Lynn Stearns Miller, Petitioner Pro Se.  Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In case no. 98-639, Richard Lynn Stearns Miller seeks a writ of mandamus directing the Clerk of Court to complete service and to waive proof of service because he is unable to make copies; ordering the prisons' wardens and correctional officers to turn over to the Clerk of Court the legal materials, writing supplies, and other implements of access to the courts that were confiscated from Miller; and ordering the district court to fashion a remedy to provide him adequate access to the courts, legal materials, supplies, and mail.

Mandamus is a drastic remedy, only to be granted in extraordinary circumstances. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)); Beard, 811 F.2d at 826. We find that Miller has not met his burden of proving that mandamus is the proper remedy in this situation. Miller's allegations of denial of access to courts may be addressed in an action pursuant to 42 U.S.C.A. § 1983 (West Supp. 1998). To the extent Miller seeks mandamus relief to alter the disposition of his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998)

3

petition, mandamus is not a substitute for appeal. See In re United Steelworkers of Am., 595 F.2d 958, 960 (4th Cir. 1979). Accordingly, although we grant Miller's application for leave to proceed in forma pauperis, we deny his petition for a writ of mandamus.

In appeal no. 98-7452, Miller seeks to appeal from the district court's order dismissing his petition filed under § 2254. Miller's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended that relief be denied and advised Miller that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Miller failed to object to the magistrate judge's recommendation.[*]

The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). See generally

---

[*] Miller alleges that he prepared and delivered to prison authorities his objections to the magistrate judge's report and recommendation and that the objections were confiscated by prison officials or the district court never received them. This court is not the appropriate forum in which to raise this claim. Under Fed. R. Civ. P. 60(b), a party may move the district court for relief from a final judgment or order based upon any reason justifying relief.

4

Thomas v. Arn, 474 U.S. 140 (1985).  Miller has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we deny Miller's motion to transfer this action, deny his motion for a certificate of appealability, and dismiss appeal no. 98-7452.

We have granted Miller's motions to file exhibits in this court, but deny the motions to the extent that Miller wishes them also filed in an action pending in district court.  We further deny Miller's motions for a stay to enforce a judgment, for seizure of property and persons, for emergency relief in a writ of prohibition, for a writ of mandate, for summary reversal of the state court conviction, for summary judgment in his pending § 1983 action, for an emergency writ of assistance to expedite the appeals, for relief from judgment in banc, for court-ordered legal supplies, and for a contempt order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-639 - <u>PETITION DENIED</u>

No. 98-7452 - <u>DISMISSED</u>

5