**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-7201**

———————————

In Re:  GRANT ANDERSON,

Petitioner.

———————————

On Petition for Writ of Mandamus.  (CA-99-337)

———————————

Submitted:  October 29, 1999          Decided:  November 9, 1999

———————————

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Grant Anderson, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Grant Anderson filed a petition for a writ of mandamus seeking an order compelling the district court to explain why it does not have jurisdiction to consider his habeas petitions and to explain its case assignment process. We deny the petition.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, see In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Anderson has not made such a showing. Accordingly, we deny his petition for a writ of mandamus. Anderson is granted leave to proceed in forma pauperis. Anderson's motions for enlargements of time and to compel are denied as moot.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2