**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 99-7287

---

In Re: RONALD FLOYD JACKSON,

Petitioner.

---

On Petition for Writ of Mandamus.  (CR-90-254)

---

Submitted:  December 16, 1999      Decided:  December 30, 1999

---

Before MURNAGHAN and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Ronald Floyd Jackson, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Floyd Jackson filed this petition for a writ of mandamus seeking an order from this court granting his immediate release from the Federal Correctional Institution in Jesup, Georgia. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, see In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Jackson has not made such a showing.[*]

Accordingly, although we grant to leave to proceed in forma pauperis, we deny mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the

---

[*] Jackson's contention is premised on the incorrect assumption that the question of whether he has been convicted of a qualifying offense is determined by South Carolina's classification of his crime. In fact, the statute itself defines a qualifying offense as one "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (1994). South Carolina's classification statute is irrelevant to Jackson's federal conviction. See S.C. Code Ann. § 16-1-20 (Law. Co-op. 1985) (repealed 1995).

decisional process.  Jackson's "Motion for Immediate Hearing" is denied as moot.

PETITION DENIED