**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-7725**

———————————

In Re: HENRY SMALLS,

                                              Petitioner.

———————————

On Petition for Writ of Mandamus.  (CR-91-288-2)

———————————

Submitted:  February 10, 2000      Decided:  February 17, 2000

———————————

Before WIDENER and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Henry Smalls, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Henry Smalls filed a petition for a writ of mandamus seeking an order compelling the district court to dismiss the indictment against him, dismiss the judgment of conviction with prejudice, and to release him from federal custody immediately. We deny the petition.

A writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976) (writ of mandamus). Relief under this writ is only available when there are no other means by which the relief sought could be granted, see In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and it may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The party seeking relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Smalls has not made such a showing. Accordingly, we deny his petition for a writ of mandamus. We also deny Smalls' motion to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2