<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6630**

---

In Re: MUSTAPHA AKANNI OLATEJU,

                                        Petitioner.

---

On Petition for Writ of Mandamus.  (A21-098-827)

---

Submitted:  August 7, 2000          Decided:  September 14, 2000

---

Before WIDENER, MURNAGHAN,[*] and NIEMEYER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Mustapha Akanni Olateju, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

---

[*] Judge Murnaghan was assigned to the panel in this case but died prior to the time the decision was filed.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

PER CURIAM:

Mustapha Olateju filed a petition for a writ of mandamus seeking an order from this Court requiring the Board of Immigration Appeals (Board) and the Immigration Judge (IJ) to reopen his deportation proceedings. The Government has moved to dismiss the mandamus petition as an improperly filed petition for review. We deny the motion to dismiss and deny the mandamus petition.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Consequently, the party seeking mandamus relief carries the heavy burden of showing he has no other adequate means to attain the relief he desires, and that his right to such relief is clear and indisputable. Allied Chem. Corp. v. Diaflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted). Mandamus cannot be used as a substitute for an appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Olateju has failed to meet his burden of showing a clear right to the relief he seeks. Moreover, it appears that his petition is being used as a substitute for an appeal.

Olateju had thirty days to file a petition for review challenging his final order of removal. See 8 U.S.C.A. § 1252(b)(1) (West 1999). Such a petition was required to be filed in the Fifth Circuit Court of Appeals because Olateju's immigration proceedings were concluded before an IJ in Louisiana. See 8 U.S.C.A.

2

§ 1252(b)(2) (West 1999); 28 U.S.C. § 41 (1994); <u>see also</u> Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) § 309(c)(4)(D) (providing venue provision for cases in transition as of the effective date of the IIRIRA).  If Olateju's mandamus petition were liberally construed as a petition for review, the petition would be untimely because it was filed more than thirty days after the Board's final order.  For that reason, we decline to so construe the petition and transfer it to the Fifth Circuit.  <u>See</u> 28 U.S.C. § 1631 (1994).  We deny the Government's motion to dismiss.  We deny Olateju's mandamus petition, deny his motion to proceed in forma pauperis, and deny his motion for a stay of deportation as moot.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3