**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 02-6631**

———————————

In Re: JAMES RAY STANLEY,

                                         Petitioner.

———————————

On Petition for Writ of Mandamus.  (CA-01-328-1)

———————————

Submitted:  May 23, 2002          Decided:  June 17, 2002

———————————

Before WIDENER, MOTZ, and KING, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

James Ray Stanley, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James R. Stanley seeks a petition for writ of mandamus, 28 U.S.C. § 1651 (1994). He alleges that the prosecution has not responded to his motion, under 28 U.S.C.A. § 2255 (West Supp. 2001), attacking his conviction for health care fraud. A search of court records reveals, however, that although Stanley filed a direct appeal from his conviction, he does not have a § 2255 proceeding pending.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing he has no other adequate means to attain the relief he desires, and that his right to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted). Mandamus cannot be used as a substitute for an appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).

Stanley has not shown that he is entitled to the relief he seeks. Therefore, we deny his petition for mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2