**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-6698**

―――――――――

In Re: MELVIN ADAMS,

Petitioner.

―――――――――

On Petition for Writ of Mandamus.  (CA-93-102-ALL)

―――――――――

Submitted:  August 28, 2003          Decided:  September 4, 2003

―――――――――

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Petition denied by unpublished per curiam opinion.

―――――――――

Melvin Adams, Petitioner Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Melvin Adams filed a petition for a writ of mandamus requesting this court to compel the district court to reduce his criminal sentence. Mandamus is a drastic remedy, which will only be granted in extraordinary circumstances. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted); In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). We find that Adams has not met his burden of proving that mandamus is the proper remedy in this situation. Rather, Adams could have raised this claim on direct appeal and/or in a 28 U.S.C. § 2255 (2000) motion. See In re United Steelworkers of Am., 595 F.2d 958, 960 (4th Cir. 1979) (mandamus may not be used as substitute for appeal).

Accordingly, while we grant Adams' motion for leave to proceed in forma pauperis, we deny his petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2