**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7171**

———————

In Re:  WILLIAM M. BRYSON, JR.,

                                              Petitioner.

———————

On Petition for Writ of Mandamus.  (CR-01-240)

———————

Submitted:  October 23, 2003        Decided:  October 31, 2003

———————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

William M. Bryson, Jr., Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William M. Bryson, Jr., filed a petition for a writ of mandamus requesting this court to order that he be resentenced and requesting the assistance of counsel in his direct appeal from his conviction. Mandamus is a drastic remedy, which will be granted only in extraordinary circumstances. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (citing Kerr v. United States Dist. Court, 426 U.S. 394 (1976)). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted). We find that Bryson has not met this burden. Rather, he has an adequate remedy in that he can raise his sentencing claim in his direct appeal, which is pending before this court and for which Bryson has appointed counsel. See In re United Steelworkers of Am., 595 F.2d 958, 960 (4th Cir. 1979) (mandamus may not be used as substitute for appeal).

Accordingly, while we grant Bryson's motion for leave to proceed in forma pauperis, we deny his petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2