**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1395**

In Re:  STANLEY LORENZO WILLIAMS,

                    Petitioner.


On Petition for Writ of Mandamus.  (1:07-cv-00757-TDS-RAE)

Submitted:  September 23, 2009        Decided:  October 2, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Stanley Lorenzo Williams, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Lorenzo Williams petitions for a writ of mandamus seeking an order compelling the district court to grant relief on his 28 U.S.C. § 2254 (2006) petition. We conclude that Williams is not entitled to mandamus relief.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). "Courts are extremely reluctant to grant a writ of mandamus." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). To obtain mandamus relief, a petitioner must show that:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (internal quotation and citation omitted).

As Williams concedes, the district court acted on his § 2254 petition. Therefore his initial basis for filing the mandamus petition is moot. To the extent that Williams wishes to challenge the district court's final decision, mandamus relief is not "a substitute for appeal." In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).

Turning to his motion to amend, Williams seeks to reopen the time to file an appeal from the district court's

2

order denying § 2254 relief, evidently conceding that he did not file his notice of appeal within the thirty-day appeal period, Fed. R. App. P. 4(a)(1), or the excusable neglect period, Fed. R. App. P. 4(a)(5). This court lacks jurisdiction to grant the relief Williams seeks. See Fed. R. App. P. 4(a)(6) (only "[t]he district court may reopen the time to file an appeal").

Accordingly, although we grant leave to proceed in forma pauperis, we deny Williams' petition for writ of mandamus and his motion to amend. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED