**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1763**

———————————

In re: LEONARD W. HOUSTON,

        Petitioner.

———————————

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Wilmington.  (7:23-cv-01202-BO-RJ)

———————————

Submitted:  August 6, 2025                    Decided:  August 15, 2025

———————————

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Leonard W. Houston, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard W. Houston petitions for a writ of mandamus directing the district court to: (1) lift the stay on his individual action filed under the Camp Lejeune Justice Act of 2022 ("CLJA"), Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1802-04 (2022), and (2) timely resolve that action after the United States files a responsive pleading.[1]  Houston's CLJA action was stayed because of the district court's September 26, 2023, case management order entered on its "Master Docket" for CLJA claims.  The case management order stays "all CLJA actions on individual dockets . . . pending selection of [p]laintiffs for discovery and trial and further orders of th[e] [district] [c]ourt." *In re Camp Lejeune Water Litig.*, No. 7:23-cv-00897-RJ (E.D.N.C., PACER No. 23 at 4).  We conclude that Houston is not entitled to mandamus relief and so deny his petition.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  Further, mandamus relief is available only when the petitioner has "a clear and indisputable right to the requested relief." *Murphy-Brown*, 907 F.3d at 795 (internal quotation marks omitted).

Although the delay in resolving Houston's individual action is understandably frustrating to him—especially given his age and the health conditions described in his

---

[1] Houston's mandamus petition also seems to challenge the magistrate judge's June 3, 2025, text order denying his motion for entry of default.  But Houston may appeal the magistrate judge's order once a final judgment is entered in his case and thus mandamus cannot be used to challenge that order.  *See In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007); *In re United Steelworkers of Am.*, 595 F.2d 958, 960 (4th Cir. 1979).

petition—we are satisfied that Houston has not shown that he has a clear and indisputable right to the relief sought.[2] *See id.* Houston identifies no authority establishing that the stay aspect of the September 26, 2023, case management order is contrary to law. And the Federal Rules of Civil Procedure anticipate such case management orders in complex civil litigation with many plaintiffs alleging similar claims. *See* Fed. R. Civ. P. 16(c)(2)(L); Fed. R. Civ. P. 42(a)(3). Put succinctly, the district court has ample discretion to decide how "to achieve the orderly and expeditious disposition" of its many CLJA cases, and the stay aspect of the case management order is an appropriate method of doing so. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (internal quotation marks omitted); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (recognizing that court has inherent power to stay proceedings).

Accordingly, we deny the petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[2] While the stay aspect of the September 26, 2023, case management order has caused delay in resolving Houston's individual action, the district court has decided in a timely manner the motions that Houston has filed in his individual action despite the stay.

3